UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ENRIQUE DIAZ,

      Petitioner,

v.                                                    Case No.  4:17cv567-WS-CJK

JULIE L. JONES,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254, with supporting memorandum.  (Doc. 6).  Respondent filed an answer, providing relevant portions of the state court record.  (Doc. 14).  Petitioner replied.  (Doc. 16).  The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that federal habeas relief should be denied because the petition presents a purely state law question.

## BACKGROUND

Petitioner is a Florida inmate serving multiple life sentences for robberies he committed in Dade County, Florida, in early 1983. Petitioner is challenging the fact that the Florida Department of Corrections records, but does not deduct, gain time from his life sentences. (Doc. 6, p. 5). Petitioner's amended habeas petition raises one claim: "Section 944.275(1), Florida Statutes (1981) Mandates That The Respondent Award Diaz Gain-Time Deductions (14th Amendment/Ex Post Facto)". (Doc. 6, p. 5 and Mem., p. 4).

Petitioner presented this claim to the state courts in a mandamus petition filed in the Leon County Circuit Court and, after relief was denied, in a certiorari petition to the Florida First District Court of Appeal (First DCA). (Doc. 6, pp. 5-6 and Mem., pp. 1-3; Doc. 14, pp. 5-6). The First DCA denied relief on this basis:

> Enrique Diaz is serving multiple life sentences for offenses occurring prior to June 15, 1983. The circuit court denied his petition for writ of mandamus by which he sought to compel the Department of Corrections to apply gain-time to those sentences. He now seeks certiorari review, and finding no departure from the essential requirements of law in that determination, we deny the petition.
>
> The version of section 944.275, Florida Statutes, in effect at the time of petitioner's offenses called for the Department to deduct gain-time from the sentence of "every prisoner" meeting eligibility requirements, and it was only subsequent to June 15, 1983, that the statute was amended to expressly apply only to prisoners "sentenced to

a term of years." Diaz therefore argues that he is entitled to have gain-time applied to his life sentences. We agree, however, with the conclusion of the Fourth District Court of Appeal in <u>Tal–Mason v. State</u>, 700 So. 2d 453 (Fla. 4th DCA 1997), that while prior versions of the gain-time statutes lack the "immediate clarity" of the present one, the meaning is the same. <u>Id</u>. at 456.

As it is commonly defined, to "deduct" means to subtract or take away an amount from a total. The mathematical operation of subtraction involves the deduction of a subtrahend, the amount being taken away, from the minuend, the total. The result is the difference between the two. In this context, the specific operation consists of the deduction of gain-time (the subtrahend) from the term of the inmate's sentence (the minuend), and the resulting difference is what the statute refers to as the inmate's "tentative release date." See § 944.275(3)(a), Fla. Stat. (2016).

By its nature, however, a life sentence is not a determinate number of years. Because the term of a life sentence is not quantifiable in numerical terms, there is no known minuend from which to deduct gain-time. A basic tenet of statutory construction compels a court to interpret a statute so as to avoid an unreasonable or absurd result. <u>See State v. Atkinson</u>, 831 So. 2d 172 (Fla. 2002); <u>Thompson v. State</u>, 695 So. 2d 691 (Fla. 1997). Applying the construction of the statute urged by petitioner and thereby compelling the Department of Corrections to deduct gain-time from a life sentence would clearly result in the sort of absurdity the court is constrained to eschew. Accordingly, because it is impossible for the statute to operate as the petitioner contends it should be construed, neither this court nor the Department have any obligation to construe it in that manner.

While the Department maintains a record of gain-time that would otherwise have been awarded to petitioner in order to allow its application in the event his life sentences are reduced to a quantifiable term of years, it is under no ministerial duty to apply or deduct that gain-time from petitioner's sentences unless and until that contingency

comes to pass.  The petition for writ of certiorari is therefore DENIED
on the merits.

*Diaz v. Jones*, 215 So. 3d 121, 122 (Fla. 1st DCA 2017).

 Petitioner argues he is entitled to federal habeas relief for these reasons:

> [T]he DCA's findings are based upon an unreasonable interpretation of
> the presented facts, upon an unreasonable determination of the facts due
> to the DCA's misapprehension of the Presumptive Parole Release Date
> (PPRD) component of Diaz's life sentence, which is a "known minuend
> from which to deduct gain-time".  Moreover, the DCA's opinion
> violated Federal law when it: failed to obey the statute[']s plain
> language, *Connecticut National Bank v. Germain*, 503 U.S. 249, 112 S.
> Ct. 1146, 117 L. Ed. 2d 391 (1992); when it applied the term "Tentative
> Release Date" created by a later statute to the earlier statute, *Weaver v.
> Graham*, 450 U.S. 24, 104 S. Ct. 960, 67 L. Ed. 2d 17 (1981), and when
> it failed to apply the rule of lenity to the ambiguity of the statute asserted
> by the <u>Tal-Mason</u> Court.  It is crucial that neither the DCA nor the <u>Tal-
> Mason</u> Court applied the proper standard of review of the statute at bar.
> The DCA as well as other courts have simply cited <u>Tal-Mason</u> for the
> proposition that a life sentence is not eligible for gain-time, yet the <u>Tal-
> Mason</u> Court never engaged in any analysis of the plain nor of the
> mandatory language of § 944.275(1), Fla. Stat. (1981).  Tal-Mason,
> unlike Diaz, was not claiming entitlement to gain-time, rather he was
> seeking to withdraw his plea because he was being denied gain-time.

(Doc. 6, Mem., pp. 5-6).  Respondent asserts petitioner's claim is not cognizable on

federal habeas review because it does not present a federal question.  (Doc. 14).

### DISCUSSION

Federal courts may entertain a petition for habeas corpus relief filed by a state

prisoner only if it is based "on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (internal quotation marks and citations omitted)). Petitioner's claim that the First DCA misinterpreted or misconstrued the 1981 version of the gain-time statute, Section 944.275(1), Florida Statutes, is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in due process or other constitutional terms. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Petitioner's reply asserts, correctly, that "due process and ex post facto claims are federal questions", (doc. 16, p. 1), but petitioner does not raise a due process or ex post facto claim here. Petitioner disputes the FDC's and state courts' interpretation of the 1981 version of the gain-time statute (the version petitioner believes applies) and their rejection of his contention that the statute's language

requires the FDC to deduct, as opposed to merely record, his gain-time. That is a state law question which the state court resolved on state law grounds. "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *see also, e.g., Pollock v. Sec'y, Fla. Dep't of Corr.*, 349 F. App'x 383, 384 (Oct. 13, 2009) (holding that Florida prisoner's claim that the state court improperly interpreted and applied Fla. Stat. § 944.275, was not cognizable on federal habeas review (*citing Estelle, supra; Branan, supra*)). Moreover, it is a "fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997). Petitioner's claim provides no basis for federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the amended petition for writ of habeas corpus (doc. 6) be DENIED.

2.  That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 4th day of December, 2018.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.